CHICAGO DISTRICT COUNCIL OF )
CARPENTERS WELFARE FUND, )
)
    Plaintiff, )
)
v. )    **No: 04 C 5868**
)
CAREMARK RX, INC. and )    **Judge John W. Darrah**
CAREMARK, INC., )
)
    Defendants. )

## MEMORANDUM OPINION AND ORDER

Plaintiff, the Chicago District Council of Carpenters Welfare Fund, filed suit against

Defendants, Caremark Rx, Inc. ("Caremark Rx") and Caremark, Inc. ("Caremark, Inc.").

Plaintiff alleged that Defendants, in exercising their contractual duties to provide pharmacy

benefits, violated ERISA, breached contracts, and violated the Illinois Consumer Fraud and

Deceptive Trade Practices Act. Defendants then filed a motion to dismiss contending, Plaintiff

failed to state a claim for relief. In a Memorandum Opinion and Order dated April 14, 2005, that

motion was granted in part, Plaintiff's ERISA claim was dismissed, and Plaintiff was permitted

to proceed on its state law claims under the diversity jurisdiction statute, 28 U.S.C. § 1332.[1]

Presently before the Court is Defendants' Motion to Dismiss for Lack of Subject Matter

Jurisdiction; Defendants contend that Plaintiff and Caremark, Inc. are both Illinois citizens for

the purpose of jurisdiction; and, therefore, complete diversity does not exist between the parties.

---

[1] *Chicago Dist. Council of Carpenters Welfare Fund. v. Caremark Rx, Inc.*, No. 04 C
5868, 2005 WL 991897 (N.D. Ill. Apr. 14, 2005).

## LEGAL STANDARD

In reviewing a motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), a district court must accept as true all well-pled factual allegations and draw all reasonable inferences in favor of the plaintiff. *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 554 (7th Cir. 1999) (*Long*). However, "[t]he district court may properly look beyond the jurisdictional allegation of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Long*, 182 F.3d at 554 (citation omitted). A district court may weigh evidence in determining whether jurisdiction has been properly established. *United Phosphorous, Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir. 2003) (*United Phosphorous*). The burden of establishing federal jurisdiction is on the party asserting jurisdiction. *United Phosphorous*, 322 F.3d at 946.

## ANALYSIS

The diversity jurisdiction statute, 28 U.S.C. 1332(a)(1), provides that "[t]he district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum of $75,000, exclusive of interest and cost, and is between . . . citizens of different states . . . ." Under this statute, complete diversity must exist between opposing parties, and no plaintiff can be a citizen of the same state as any defendant. *E.g., Neuma, Inc. v. AMP, Inc.*, 259 F.3d 864, 881 (7th Cir. 2001). Under 28 U.S.C. § 1332(c), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business . . . ."

Defendants argue the claim should be dismissed because Plaintiff failed to establish complete diversity of citizenship between the parties. "The Seventh Circuit has unequivocally

2

adopted the nerve center test to determine where a corporation has its principal place of business for purposes of jurisdiction based on diversity of citizenship." *Chamberlain Mfg. Corp. v. Maremont Corp.*, 828 F.Supp. 589, 591 (N.D.Ill.1993) (*Chamberlain Mfg. Corp.*); *accord Kanzelberger v. Kanzelberger*, 782 F.2d 774, 777 (7th Cir. 1986). "Only the factors which deal with the brains of the organization should be considered for the nerve center test and factors dealing with the day-to-day operating responsibilities" should be disregarded. *Chamberlain Mfg. Corp.*, 828 F.Supp. at 592. "The nerve center test considers the following factors: the place where corporate decisions are made, where the corporation is funded, where its general counsel, directors, officers and shareholders are located, where the primary bank account exists, and the place of its principle office and corporate headquarters." *Ratner v. Hecht*, 621 F.Supp. 378, 380 (N.D.Ill.1985).

Defendants argue that Caremark, Inc.'s principal office and corporate headquarters is located in Northbrook, Illinois. Plaintiff presents documents from Hawaii, Vermont, California and Illinois which it claims are "Caremark's corporate reports." Plaintiff contends these documents indicate Caremark, Inc.'s principal place of business is in Nashville, Tennessee. Plaintiff's documents are neither official state forms nor were they filed by Caremark, Inc.; instead, Plaintiff's documents appear to be printed pages from state internet sites containing biographical information about Caremark, Inc. Defendants present copies of the original business registration forms Caremark, Inc. filed with the states of Hawaii, Vermont, California, and Illinois. While the mailing address for Caremark, Inc. is in Tennessee, the official forms specify that Caremark, Inc.'s registered principal office and headquarters is located at the Northbrook, Illinois office.

3

Defendants also argue that Caremark, Inc.'s corporate decisions are made in its Northbrook, Illinois office. Defendants submit an affidavit from Richard Scardina, a director and President of Caremark, Inc., stating Caremark, Inc.'s corporate decisions are made from its Northbrook, Illinois office.

Defendants further argue that Caremark, Inc.'s nerve center is in Illinois because the majority of officers and half of the directors are located at the Northbrook, Illinois office. Three of the five Caremark, Inc. officers, including the President, Vice-President, and Treasurer, are identified on the filed business registration forms as being located at the Northbrook, Illinois office along with two of the four directors. Under the nerve center test, Caremark, Inc. has sufficiently shown its principal place of business to be at its Northbrook, Illinois office. Therefore, Caremark, Inc. is deemed to be a citizen of the State of Illinois.

Plaintiff claims diversity jurisdiction exists even if Caremark, Inc. is found to be located in Illinois. Specifically, Plaintiff argues that the subsidiary company, Caremark, Inc., takes on the principal place of business as an alter ego of the parent corporation, Caremark Rx, because the two corporations share a number of common directors and officers.

"A subsidiary corporation which is incorporated as a separate entity from its parent corporation is considered to have its own principal place of business; and, accordingly, may possess dual citizenship if such place is located in a different state from that in which it is chartered." *Beightol v. Capitol Bankers Life Ins. Co.*, 730 F.Supp. 190, 193 (E.D.Wis.1990)

(*Beightol*) (citation omitted). An exception to this rule exists in that "the subsidiary takes the citizenship of the parent when it is not really a separate entity." *Beightol*, 730 F.Supp. at 193 (citation omitted).

The corporate entity will be disregarded when two requirements are met: first, a unity of interest and ownership such that the separate personalities of the corporations no longer exist; and second, adherence to the fiction of separate corporate existence would sanction a fraud. *Van Dorn Co. v. Future Chemical and Oil Corp.*, 753 F.2d 565, 569-570 (7th Cir. 1985) (*Van Dorn*). "In determining the requisite degree of control maintained by one corporation over the affairs of another to justify disregarding their separate corporate identities, courts have considered some of the following: (1) the failure to maintain adequate records, (2) the commingling of funds or assets, (3) undercapitalization, and (3) one corporation treating the assets of another corporation as its own" as indicative of an alter ego. *Van Dorn Co.*, 753 F.2d at 570; *see also Avery Dennison Corp. v. UCB SA*, No. 95 C 6351, 1997 WL 441313, *1 (N.D.Ill. July 30, 1997).

Defendants argue that none of these factors were alleged by the Plaintiff. Plaintiff alleges that Caremark Rx claims it conducted all of its pharmaceutical benefit management operations through Caremark, Inc. However, Plaintiff does not submit any evidence showing Caremark Rx's status as the parent company to Caremark, Inc. resulted in a failure to maintain adequate records, a commingling of funds or assets, undercapitalization of either the parent or the subsidiary, or using the assets of one corporation for the benefit of the other. Accordingly,

Plaintiff has failed to establish that Caremark, Inc. is an alter ego to Caremark Rx for the purposes of this Motion to Dismiss. Therefore, Caremark, Inc. does not take on the place of business of Caremark Rx.

Because subject matter jurisdiction is lacking over Plaintiff's state law claims, the parties agree that the portion of the April 14, 2005 memorandum order and opinion dealing with the state law claims must be vacated. *See, e.g., Chicago Title Ins. Co. v. The Village of Bollingbrook*, No. 97 C 7055, 1999 WL 259952, at *4 (N.D. Ill. Apr. 6, 1999).

## CONCLUSION

For the reasons stated above, Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction is granted. The portion of the April 14, 2005 memorandum order and opinion dealing with the state law claims is vacated.

Dated: August 10, 2005

JOHN W. DARRAH
United States District Judge